IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RICHARD LEROY CLARK, JR.,**

    **Plaintiff,**

    v.                                            CASE NO. 22-3305-JWL-JPO

**DANIEL CAHILL, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. On December 29, 2022, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC") directing Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's responses (Docs. 6, 8, 9) and Plaintiff's motion for appointment of counsel (Doc. 7).

Plaintiff's allegations are set forth in detail in the MOSC. In his responses, Plaintiff continues to make challenges to his state court criminal proceedings, claiming the prosecutor made a prejudicial statement to the jury.[1] (Doc. 6, at 1.) Plaintiff also claims that the detective did not indicate in the affidavit for Plaintiff's arrest warrant that Plaintiff had stated he needed to talk to an attorney before talking to the detective. (Doc. 8, at 1.) Plaintiff alleges that his 25-year-old criminal history was improperly used against him. *Id.* at 2. Plaintiff also takes issue with the state court judge excusing Plaintiff's witnesses from the courtroom and allowing the prosecutor to make improper statements to the jury. (Doc. 9, at 1.)

The Court found in the MOSC that Plaintiff's claims relate to his state criminal

---

[1] Plaintiff claims that he was prejudiced because the prosecutor indicated in the opening statement that Plaintiff had a previous conviction and referenced his 5-year-old step-granddaughter, but the crime was actually against his 5-year-old stepdaughter.

proceedings. The Court found that to the extent Plaintiff challenges the validity of his conviction and sentence in his state criminal case, his federal claim must be presented in habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). The Court also found that before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994).

The Court also found in the MOSC that: Plaintiff's claims against the state court judges should be dismissed on the basis of judicial immunity; Plaintiff's claims against the county prosecutors fail on the ground of prosecutorial immunity; and Plaintiff has not shown that his state court defense attorneys were acting under color of state law as required under § 1983.

Plaintiff's responses fail to show good cause why this matter should not be dismissed for the reasons set forth in the MOSC. This matter is dismissed for failure to state a claim. In light of the dismissal, Plaintiff's request for appointment of counsel is denied as moot.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Doc. 7) is **denied** as moot.

**IT IS SO ORDERED**.

Dated January 18, 2023, in Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE