**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

RICHARD LEROY CLARK, JR.,

   **Plaintiff,**

   v.             **CASE NO.  22-3305-JWL**

DANIEL CAHILL, et al.,

   **Defendants.**

**MEMORANDUM AND ORDER**

   Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983.  The Court granted Plaintiff leave to proceed in forma pauperis.  On December 29, 2022, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC") directing Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.  On January 18, 2023, the Court entered a Memorandum and Order (Doc. 10) ("M&O") finding that Plaintiff's responses (Docs. 6, 8, 9) failed to show good cause why this matter should not be dismissed for the reasons set forth in the MOSC and dismissing this case for failure to state a claim.  This matter is before the Court on Plaintiff's motion for reconsideration (Doc. 13).

   Plaintiff asks this Court to reconsider appointing him counsel in this case, arguing that he will need the assistance of counsel to reply to the Court's memorandum.  (Doc. 13, at 1.) Plaintiff also alleges that the state court has refused to hear his state habeas cases and he will need counsel appointed to assist him in filing a federal habeas action.  *Id*.

   The Court's M&O dismissed this matter and denied Plaintiff's request for the appointment of counsel.   Plaintiff is seeking reconsideration of the Court's M&O.   Because Plaintiff's motion was filed within 28 days after the entry of the order, the Court will treat it as a

motion under Rule 59.  *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).  A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can  establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."  *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments."  *Id*. at 929 (citation omitted).  Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.  *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Plaintiff asks the Court to reconsider the dismissal of this matter and to appoint counsel. There is no constitutional right to appointment of counsel in a civil case.  *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995).  The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  "The burden is on the applicant to

convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).  Plaintiff has not shown that appointment of counsel is warranted in this case.  The Court found in the MOSC that Plaintiff's claims were not properly brought in this civil rights action and that he had named improper defendants.  Plaintiff submitted multiple responses to the Court's MOSC.

Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e).  In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its January 18, 2023 Memorandum and Order and Judgment (Docs. 10, 11) and that ruling stands. This case remains closed.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for reconsideration (Doc. 13) is **denied**.  This case remains closed.

**IT IS SO ORDERED**.

**Dated January 27, 2023, in Kansas City, Kansas.**

> **S/  John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**